Circuit Court of Cuyahoga County.

FELIX KAMARSIC v. J. A. SMITH, TRUSTEE.

Decided, November 10, 1905.

*Contracts—Must be a Meeting of Minds.*

In an action for specific performance, where the evidence discloses that there was no meeting of the minds as to the amount of the purchase price, specific performance will be refused, but the court will decree the repayment of the purchase money already received by the vendor.

*H. Remington*, for plaintiff.
*Smith & Taft*, contra.

MARVIN, J. (orally) ; WINCH, J., and HENRY, J., concur.

Suit was brought by Kamarsic against Smith, as trustee, setting out that the plaintiff had purchased two certain lots belonging to Van DeBoe, Haeger & Co., and that Smith was the trustee in whom the title stands; that plaintiff has performed all that he was to do except to pay $18 which he tenders, and he asks for a specific performance of the contract.

The case has given us no small amount of difficulty. The plaintiff testifies that prior to the making of the written contract, which was finally made between the parties on the 9th day of June, 1902, he went upon the property accompanied by a man who is now in the penitentiary, whose name I do not remember, and by a Mr. Shimman, an agent of Van DeBoe, Haeger & Co.; that the price then fixed upon the two lots was $165. He produces, also, as a witness one Martin Locan, who

says he was present, and that the price fixed for one lot was $80 and for the other, $85.

That this last witness is very likely to be mistaken as to the price fixed is manifest from the fact that he failed to remember the numbers of the lots. He says they were 124 and 125, whereas they were 624 and 625. It is not at all remarkable that he should have forgotten those numbers or misunderstood them, but it is no more remarkable that he should have misunderstood the amount of money; that he understood $165 when $265 was mentioned.

The prices that had been fixed upon these lots was $140 for the corner lot and $125 for the other lot, making $265. But we are not satisfied that that was said at the time they were upon the property. This was in April, 1902. Afterwards, in June, a written contract prepared by the vendor was signed by the two parties. That reads in words: "The said party of the first part agrees to pay for said lands the sum of two hundred and sixty-five dollars," and then immediately follows, "$165."

A book was given to the plaintiff, a pass-book, I suppose it is called, which he was to take with him and again produce at the office of the Van DeBoe, Haeger Co. when he made his payments. On that book, on the outside and at the top of the book wherein the payments were to be made are the figures $165. The plaintiff could read figures; he could not read words.

We are of the opinion that there never was a meeting of minds of these parties on the price of the lots. When the contract was signed the vendor supposed that the price was $265 as written in words, and the vendee that it was $165 as appears in figures. That being true, there never was a contract, and that being true, then the plaintiff is entitled to have repaid to him all he had paid, together with interest on such payments from the time of the payment up to the time when it is repaid, and the costs of this proceeding are assessed one-half against the plaintiff and one-half against the defendant.